**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RONNIE A. FORD,**

**Petitioner,**

**v.** **Case No. 8:16-cv-2866-T-27JSS**

**SECRETARY, DEPARTMENT OF CORRECTIONS,**

**Respondent.**

______________________________/

**ORDER**

**BEFORE THE COURT** is Petitioner Ford's "'Ten'-Day Writ Habeas Corpus Motion for Relief of Judgment," construed as a successive 28 U.S.C. § 2254 petition. (Dkt. 30). A response is unnecessary. The petition is **DISMISSED**.

Ford's amended petition for writ of habeas corpus under 28 U.S.C. § 2254 was dismissed as untimely. (Dkts. 4, 21). His motion for relief from judgment under Rules 60(b)(4), 60(d)(1), (2), and (3), Fed. R. Civ. P. was denied. (Dkts. 25, 26). His appeal was dismissed as untimely. (Dkt. 29). He again moves for relief from judgment under Rules 60(b)(4), 60(d)(1), (2), and (3), Fed. R. Civ. P. (Dkt. 30 at 1). He is not entitled to relief for several reasons.

First, although he purports to bring his motion under Rule 60, Fed. R. Civ. P., he essentially reargues the merits of his § 2254 petition. *See* (Dkts. 4, 30). As such, the motion constitutes a § 2254 petition. *See Echemendia v. Fla. Dep't of Corr.*, 716 F. App'x 914, 916 (11th Cir. 2017) (construing as a successive § 2254 petition a "nominal Rule 60(b) motion" which "essentially

repackages three claims from [the] previous § 2254 petition").[1] Indeed, a Rule 60(b) motion "may be used to challenge only a 'defect in the integrity of the federal habeas proceedings.'" *Id.* (citation omitted); *see also Baker v. United States*, 791 F. App'x 884, 885 (11th Cir. 2020) (Rule 60(d) motions). Additionally, although a petitioner may move to "set aside a judgment for fraud on the court," *see* Fed. R. Civ. P. 60(d)(3), the only "fraud on behalf of the court" alleged relates to the trial proceedings in state court, not this habeas action. *See* (Dkt. 30 at 9); *see Echemendia*, 716 F. App'x at 915-16 (rejecting contention that Rule 60(b) motion is "true" because "it raises claims of fraud on the federal habeas court based on the prosecutor's earlier alleged fraud on the state trial court as well as claims that the absence of an evidentiary hearing affected the integrity of his § 2254 proceedings").

Moreover, Ford's construed § 2254 petition is successive, since he "challenged the same judgment in a previous § 2254 petition and the previous petition was dismissed as time-barred." *Coker v. Warden*, 796 F. App'x 707, 707-08 (11th Cir. 2020). Absent authorization from the Eleventh Circuit, "a district court lacks jurisdiction to entertain the petition." *Id.* at 708.[2]

---

[1] Ford raises five claims: (1) his appellate counsel "was in violation for representing [him] on his direct appeal proceeding, when which result in a manifest injustice conflict of interest"; (2) he "was tried and convicted while legally incompetent, so as to be deprived of substantive due process"; (3) "*Giglio* violation; whereas the state knowingly presented false evidence to the court and jury"; (4) "[t]rial court violated [his] due process right of a fair trial by denying the jury they request to hear the victim statement, while deciding the verdict"; and (5) "[p]rosecutorial misconduct, where state attorney . . . express his own personal beliefs about the crime." (Dkt. 30). The fourth ground for relief was not raised in his amended § 2254 petition. *See* (Dkt. 30 at 9); (Dkt. 4). To the extent Ford "seeks to add a new ground for relief, his filing must be treated as a motion to vacate." *Baker*, 791 F. App'x at 885 (internal quotation marks and citation omitted).

[2] Although "a Rule 60(b) motion [that] challenges only a district court's prior ruling that a habeas petition was time-barred . . . is not the equivalent of a successive habeas petition," *see Gillman v. Sec'y, Dep't of Corr.*, 728 F. App'x 980, 982 (11th Cir. 2018) (citations omitted), Ford does not only challenge this court's determination that his § 2254 petition was time-barred. Rather, his claims "concerning manifest injustice" mirror the claims in his § 2254 petition attacking his state court judgment, and he seeks a new trial, a competency hearing, and "emergency release[]." (Dkt. 30 at 4-5). He further appears to acknowledge that his motion may constitute a successive petition. (Id. at 4 (contending that "[h]abeas relief may be granted even on a successive petition where failing to do so could result in manifest injustice")); *see also Gipson v. Sec'y, Dep't of Corr.*, 784 F. App'x 683, 684 (11th Cir. 2019) (finding

Even if the motion is not construed as a successive § 2254 petition, or to the extent he includes arguments that are properly brought in a Rule 60 motion, *see, e.g.*, *Schuler v. Clarke*, 705 F. App'x 203, 204 (4th Cir. 2017), he is not entitled to relief. Indeed, Rule 60(b)(4), Fed. R. Civ. P., allows relief to a party where "the judgment is void," and "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270-71 (2010) (citations omitted). Rather than assert that this court lacked jurisdiction over this habeas action or that he was denied notice or an opportunity to be heard, Ford attempts to relitigate his § 2254 petition. Accordingly, Rule 60(b)(4) affords no relief.[3]

Further, to the extent the motion may be construed as a motion under Rule 60(b)(6), "Rule 60(b)(6) relief . . . is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Sanders v. Wal-Mart Stores East, LP*, 829 F. App'x 500, 501 (11th Cir. 2020) (internal quotation marks and citation omitted). Ford has not shown exceptional circumstances warranting relief from the order dismissing his habeas petition as untimely. And to the extent he argues a miscarriage of justice will occur if his claims are not heard on the merits, he has not shown that he is factually innocent of his offense of conviction.[4]

---

petition "second or successive because it challenged the same judgment at issue in his first § 2254 petition, which was denied as time-barred"); *Gillman*, 728 F. App'x at 982 (same).

[3] Ford further fails to explain how his motion under Rule 60(b)(4), which "must be made within a reasonable time," is timely. Fed. R. Civ. P. 60(c)(1).

[4] Ford provides no authority to support his contention that he can raise his due process claims of "manifest of injustice" and "miscarriage of justice" at any time. (Dkt. 30 at 2). To the extent he contends that due to duress and coercion, he is actually innocent of his offense of conviction, this court has previously determined that he has failed to establish that he is actually innocent and he provides no new evidence demonstrating actual innocence. (Dkt. 21 at 4); (Dkt. 26 at 2); (Dkt. 30 at 11-12); *Smith v. Addison*, 373 F. App'x 886, 889 (10th Cir. 2010) (noting defense of duress "presents a *legal justification* for his conduct, not a claim of *factual innocence*"); *cf. In re Lambrix*, 776 F.3d 789, 796 n.4 (11th Cir. 2015) ("There is no 'fundamental miscarriage of justice' exception to a state prisoner's

Last, Ford fails to show entitlement to relief under Rule 60(d), which provides that Rule 60 "does not limit a court's power to":

> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
> (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
> (3) set aside a judgment for fraud on the court.

He does not explain how subsections (1) and (2) entitle him to relief.[5] *See* (Dkt. 30 at 2). And as noted, the only "fraud" he alleges relates to his state court proceedings, not this action.

In summary, Ford's "'Ten'-Day Writ Habeas Corpus Motion for Relief of Judgment," construed as a second or successive 28 U.S.C. § 2254 petition, is **DISMISSED**. His request for counsel and an evidentiary hearing is **DENIED**.[6] And his Notice to the Court (Dkt. 31) inquiring as to the status of his motion is **DENIED** as moot.

**DONE and ORDERED** this 10th day of December, 2020.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copy to: Petitioner, Counsel of Record

---

obligation to satisfy the statutory criteria in § 2244(b)(2)(B) in order to obtain our leave to file a second or successive § 2254 petition." (citation omitted)).

[5] As the Eleventh Circuit instructs:

> Rule 60(d)(1) relief is only available if relief is required to prevent a grave miscarriage of justice. We have identified the following elements required for Rule 60(d)(1) relief: (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any remedy at law.

*Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1359 (11th Cir. 2014) (internal quotation marks and citations omitted). Ford has failed to make the required showing.

[6] As he requested, a copy of his motion has been mailed to him. (Dkt. 30 at 1).